UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| RUTHIE D. BRETHORST, CYNTHIA J. RICHMAN, and CINDY HURST,<br><br>Plaintiffs,<br><br>v.<br><br>THE PAMPERED CHEF, LTD., and GLOBAL CONTRACT MANUFACTURING, LLC,<br><br>Defendants. | Civil No. 05-496 (PJS/FLN)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS |

---

    Alfred Stanbury, STANBURY LAW FIRM P.A., 2209 St. Anthony Parkway, Minneapolis, MN 55418, for plaintiffs.

    James O'Neal, FAEGRE & BENSON LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, for defendant, The Pampered Chef, Ltd.

    Sarah Showalter, COUSINEAU McGUIRE CHARTERED, 1550 Utica Avenue South, Suite 600, Minneapolis, MN 55416, for defendant, Global Contract Manufacturing, LLC.

    This matter is before the Court on Defendants' Joint Motion for Summary Judgment. This Order addresses only the request of defendants that the Court bar Lanny R. Berke, plaintiffs' expert witness, from testifying at trial as a sanction for the misconduct of Alfred M. Stanbury, plaintiffs' counsel.

    Defendants' request for sanctions has been briefed by the parties and was discussed at length at a hearing before the undersigned on August 1, 2006. Mr. Stanbury conceded that he

violated both this Court's scheduling order of December 1, 2005 and Fed. R. Civ. P. 26(a)(2) by failing to make expert disclosures until after March 1, 2006.  For the reasons stated at the August 1, 2006 hearing, the Court finds that Mr. Stanbury's violation was not substantially justified.

Mr. Stanbury, to his credit, also conceded at the August 1, 2006 hearing that it would be appropriate for the Court to sanction him for this violation, although he urges — and the Court agrees — that excluding the testimony of Mr. Berke would not be appropriate, particularly as it would punish plaintiffs for their attorney's misconduct.  Pursuant to Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37(c)(1), and the Court's inherent authority, the Court imposes the following sanctions on Mr. Stanbury:

## ORDER

IT IS HEREBY ORDERED that:

1. Defendants may take the deposition of Mr. Berke on or before September 15, 2006. Mr. Stanbury must make Mr. Berke available for his deposition at any place or time reasonably specified by defendants.  If, following the Berke deposition, defendants conclude that it is necessary to supplement their Fed. R. Civ. P. 26(a)(2) disclosures, they must do so by September 29, 2006.

2. The costs of the Berke deposition must be borne entirely by Mr. Stanbury as a sanction for his violation of this Court's scheduling order of December 1, 2005 and Fed. R. Civ. P. 26(a)(2).  Those costs include:  (a) the reasonable fees charged by one attorney for each defendant for preparing for the deposition; (b) the reasonable fees charged by one expert for each defendant for assisting defendants' attorneys to prepare for the deposition; (c) the reasonable

fees charged by one attorney for each defendant for attending the deposition; (d) the reasonable fees charged by Mr. Berke for preparing for and attending the deposition; and (e) any other costs reasonably incurred by defendants in order to prepare for and attend Mr. Berke's deposition.

3. Mr. Stanbury must bear these costs personally. Mr. Stanbury must not, now or in the future, pass on these costs to his clients. Likewise, neither Mr. Stanbury nor his clients may seek to recover these costs against defendants, now or in the future, no matter how this litigation ultimately concludes.

4. By September 29, 2006, defendants must provide to Mr. Stanbury a list of the costs for which he is responsible under this Order. Mr. Stanbury must pay those requested costs by October 13, 2006, unless he regards part or all of defendants' request as being beyond the scope of this Order. In that event, Mr. Stanbury must seek a ruling — first from Judge Noel and then, if either party wishes, from the undersigned — regarding the disputed costs. Should Mr. Stanbury's challenge to the requested costs be rejected, Mr. Stanbury may be required to pay the reasonable attorney's fees and the other costs incurred by defendants in responding to Mr. Stanbury's challenge.

5. This matter is scheduled for trial before the undersigned beginning on Monday, November 27, 2006, at 9:30 a.m. A Final Pretrial Order will soon be issued.

6. Mr. Stanbury must mail a copy of this Order to each plaintiff by August 9, 2006.

Dated: August  2 , 2006               s/Patrick J. Schiltz
                                      Patrick J. Schiltz
                                      United States District Judge